Lanzinger, J.,
dissenting.
{¶ 67} I respectfully dissent from the majority’s holding that R.C. 2945.39 is civil in nature.
{¶ 68} First, the General Assembly enacted R.C. 2945.39 as part of Ohio’s criminal code. Ohio already has a civil commitment process pursuant to R.C. Chapter 5122 regarding those who are mentally ill and R.C. Chapter 5123 regarding those who are developmentally disabled.
{¶ 69} Second, tying the length of a criminal defendant’s commitment to the maximum possible prison term for the most serious offense also indicates that the commitment is criminal in nature. If the maximum period of commitment is reached without the defendant’s becoming competent to stand trial, he or she is discharged, unless the state seeks civil commitment. R.C. 2945.401(J)(l)(b). In other words, the general division of the common pleas court no longer has the authority to punish the defendant for the offense once the time has been served.
{¶ 70} Finally, unlike a person committed under the civil process, a defendant who is committed under R.C. 2945.39 remains under a pending indictment. The proceeding occurs as part of the defendant’s criminal case and, therefore, the defendant should be afforded all the rights of a criminal defendant.
Pfeifer, J., concurs in the foregoing opinion.
*81 Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram and Melissa M. Ford, Assistant Prosecuting Attorneys, for appellant.
Anthony Comunale, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and Jeffrey R. Loeser, Assistant Solicitor, urging reversal for amicus curiae, Ohio Attorney General.